1
David L. Cheng (SBN 240926)
dcheng@fordharrison.com
2
FORD & HARRISON LLP
1901 Harrison Street, Suite 1650
3
Oakland, CA 94162
Telephone:  415-852-6910
4
Facsimile:   415-852-6925

5

Attorneys for Defendants
6
DRIVEN BRANDS SHARED
SERVICES, LLC and LINDA
7
ZARAPKAR

8

9
UNITED STATES DISTRICT COURT

10
NORTHERN DISTRICT OF CALIFORNIA

11

12
DANISHA BROWN, an individual,

13
Plaintiff,

14
v.

15
DRIVEN BRANDS SHARED
SERVICES, LLC, a Delaware Limited
16
Liability Company; LINDA
ZARAPKAR, an individual; and DOES
17
1 through 20, inclusive,

18
Defendant.

Case No. 4:23-CV-390
Removed from Alameda Superior Court
Case No. 22CV024263

**NOTICE OF REMOVAL**

**[Filed concurrently with Corporate Disclosure Statement and Declaration of David L. Cheng]**

Action Filed:        December 21, 2022
Date Removed:     January 26, 2023
Trial Date:           None Set

19

20

21

22

23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

/CASE NO. 4:23-CV-390

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendants DRIVEN BRANDS SHARED SERVICES, LLC and LINDA ZARAPKAR hereby remove the above-entitled action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332(a), 1441(a)-(b), and 1446.

## I.     PROCEDURAL HISTORY.

1.      On December 21, 2022, Plaintiff Danisha Brown ("Plaintiff") filed a complaint in the Superior Court of California, County of Alameda, titled "*Danisha Brown, an individual, v. Driven Brands Shared Services, LLC, a Delaware Limited Liability Company; Linda Zarapkar, an individual, and Does 1 through 20,*" Case No. 22CV024263 (the "State Court Action").  (Cheng Decl. ¶ 2; *See* Ex. A.)

2.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the entire file or record in the State Court Action, including all process and pleadings, and orders served upon Defendants in this action, is attached to the Declaration of David L. Cheng as **Exhibit A**.  (Cheng Decl. ¶ 3, Ex. A.)

3.      On January 25, 2023, Defendants filed their Answer to the State Court Action. A true and correct endorsed copy of Defendants' Answer is attached to the Declaration of David L. Cheng as **Exhibit B**.  (Cheng Decl. ¶ 4, Ex. B.)

4.      Pursuant to 28 U.S.C. § 1446(a), the aforementioned exhibits constitute all process, pleadings, and orders served on or received by Defendants and/or filed in the State Court Action. To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in the Superior Court of California, County of Alameda, or served by any party.  (Cheng Decl. ¶ 5.)

\ \ \

\ \ \

\ \ \

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

/CASE NO. 4:23-CV-390

**NOTICE OF REMOVAL**

## II.   NATURE OF THE SUIT.

5.    The Complaint alleges the following causes of action: (1) Harassment Based On Race, Ethnicity, And National Origin in violation of FEHA; (2) Harassment Based on Sex/Gender/Sexual Orientation (FEHA); (3) Failure to Prevent Harassment, Discrimination and Retaliation in Violation of FEHA; (4) Negligent Infliction of Emotional Distress; (5) Intentional Infliction of Emotional Distress; (6) Retaliation in Violation of FEHA; (7) Retaliation (Labor Code § 1102.5); and (8) Wrongful Termination in Violation of Public Policy.  (*See* Cheng Decl. ¶ 2, Ex. A.)

## III.   GROUNDS FOR REMOVAL ON THE BASIS OF DIVERSITY JURISDICTION.

6.    A Federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States …"  28 U.S.C. § 1332(a)(1). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants …" 28 U.S.C. § 1441(a).

7.    Therefore, a state court action may be removed if: (1) the action is between, on the one hand, a citizen of one state, and, on the other hand, a citizen of a different state; and (2) the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Each of these requirements is met, as discussed in further detail below.

### A.    Complete Diversity of Citizenship.

8.    <u>Citizenship of Plaintiff</u>.  While Plaintiff does not allege her citizenship in her Complaint, she alleges that subject matter jurisdiction is proper because she "worked for Defendants in Alameda County".  Although citizenship documents provided to Driven Brands at the time of her employment included an identification card issued by the state of Nevada, indicating a residence address in Las Vegas, Plaintiff's pay stubs from Defendant Driven Brands indicate a home address in

/CASE No. 4:23-CV-390

**NOTICE OF REMOVAL**

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

1   Oakland, California.  ["The place where a man lives is properly taken to be his

2   domicile until facts adduced establish the contrary." *Dist. of Columbia v. Murphy*,

3   314 U.S. 441, 455 (1941).]   In the instant case, no facts have been adduced to rebut

4   the presumption that Plaintiff is domiciled in California.  Therefore, Plaintiff is a

5   citizen of the State of California for diversity purposes.

6          9.     Citizenship of Defendants.   The citizenship of a limited liability

7   company for diversity jurisdiction purposes is the citizenship of its members.

8   *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)

9   (holding that "like a partnership, an LLC is a citizen of every state of which its

10   owners/members are citizens.").  As for a corporation, it is "deemed to be a citizen

11   of every State and foreign state by which it has been incorporated and of the State or

12   foreign state where it has its principal place of business …" 28 U.S.C. § 1332(c)(1).

13          a.     Defendant Driven Brands Shared Services LLC was Plaintiff's

14   employer. It was converted from a corporation into a limited liability company on or

15   around December 29, 2012. Its sole member is corporate entity Driven Brands, Inc.,

16   which has a principal place of business in the State of North Carolina and was

17   incorporated in the State of Delaware.  Accordingly, Defendant Driven Brands

18   Shared Services, LLC is a citizen of the states of North Carolina and Delaware.

19          b.     Defendant Linda Zarapkar is a resident of the state of

20   Washington.

21          10.    The citizenship of the supposed defendants named as "DOES 1 through

22   20" is disregarded for diversity purposes.  28 U.S.C. § 1441(b)(1).

23          11.    Because Plaintiff is a citizen of California, and Defendants are citizens

24   of Washington and/or Delaware, complete diversity exists.

25          12.    No exception to removal exists. Pursuant to 28 U.S.C. 1441(b)(2), a case

26   cannot be removed to Federal court on the basis of diversity of citizenship if any

27   defendant served in the action is a citizen of the state in which the state court action

28   is pending. Here, the State Court Action is pending in California, and as previously

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

/CASE NO. 4:23-CV-390

**NOTICE OF REMOVAL**

1    discussed, neither Defendants are citizens of California for the purposes of

2    determining diversity. Therefore, this matter is removable.

3              **B.      Amount in Controversy Exceeds $75,000.**

4              13.    A notice of removal need only include a plausible allegation that the

5    amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin*

6    *Operating Co., LLC v. Owens¸* 135 S. Ct. 547, 553-554 (2014). Evidence establishing

7    the amount is required only when the plaintiff contests, or the court questions, the

8    defendant's allegation.  *Id*. "In measuring the amount in controversy, a court must

9    assume that the allegations of the complaint are true and that a jury will return a

10   verdict for the plaintiff on all claims made in the complaint."  *Kenneth Rothschild*

11   *Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)

12   (internal citations omitted).

13             14.    While Defendants deny any liability to Plaintiff whatsoever, they assert

14   herein, based on the allegations in the Complaint and Plaintiff's prayer for relief, that

15   the amount in controversy exceeds $75,000. Defendants' assertions are limited to

16   their preliminary understanding of Plaintiff's claims and data currently available to

17   them.

18             15.    **Economic Damages**.  By this lawsuit, Plaintiff seeks, among other

19   things, general damages, special damages (lost income, lost benefits, and other out-

20   of-pocket expenses), punitive or exemplary damages, statutory penalties, costs,

21   interest, attorneys' fees, and such other relief as the Court deems proper.  (Compl. at

22   Prayer for Relief.)

23             16.    Plaintiff was employed with Defendant Driven Brands Shared Services,

24   LLC as a Point of Service Inventory Audit Assistant. (*See* Compl., ¶ 9.)  Plaintiff

25   alleges she resigned on or about November 7, 2022.  (*Id.*, ¶ 27.)  Based on her pay

26   records, Plaintiff had a gross pay in the amount of approximately $1,440.00 bi-

27   weekly.

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

/CASE NO. 4:23-CV-390

**NOTICE OF REMOVAL**

1    17.    In establishing that the amount in controversy likely exceeds the

2   jurisdictional minimum, a defendant is permitted to calculate the likely back pay

3   award from the date of the termination until the date of likely judgment. *See Adkins*

4   *v. J.B. Hunt Transport, Inc.*, 293 F. Supp. 3d 1140, 1144 (E.D. Cal. 2018).

5    18.    The median time from the filing of a complaint until trial in the Northern

6   District of California is 34.7 months. *See* United States Courts Statistics, Federal

7   Court Management Statistics – Profiles for U.S. District Courts – Combined Civil

8   and        Criminal,        Northern        District        of        California,

9   https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0630.2022_0.pdf

10   (last updated June 30, 2022).

11    19.    With a removal date of January 26, 2023, the estimated trial date for this

12   action based on the aforementioned statistics would be at least November 2025, –

13   over 3 years following Plaintiff's alleged termination, or approximately 156 weeks.

14   Accordingly, through the date of likely judgment, Plaintiff's claim for lost wages,

15   *alone*, totals **$103,680** ($1440.00 bi-weekly x 72 bi-weekly workweeks in 5 years).

16    20.    **Non-economic Damages**.  Plaintiff alleges that, as a result of the acts

17   and conduct of Defendants, "[she] has suffered and continues to suffer damages and

18   injury in amounts not yet ascertained, … including but not limited to losses in

19   earnings and other employment benefits, emotional and physical distress, depression,

20   anxiety, humiliation, embarrassment, pain and suffering and loss and injury to

21   reputation." (Compl. ¶ 34, 41, 47.)

22    21.    "To establish the amount of emotional distress in controversy, a

23   defendant may introduce evidence of jury verdicts in other cases." *Cain v. Hartford*

24   *Life and Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012). Jury verdicts in

25   wrongful termination and discrimination cases make clear that emotional distress

26   awards are often substantial and frequently awarded in an amount at least twice the

27   underlying economic damages, or, at the very least, in the same amount as economic

28   damages.  *See Izaguirre v. International Coffee & Tea LLC*, 2013 WL 6624243,

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

/CASE NO. 4:23-CV-390

**NOTICE OF REMOVAL**

1  Superior Court, Los Angeles County (Sept. 26, 2013) (verdict in wrongful

2  termination, disability discrimination, failure to accommodate, failure to engage in

3  interactive process, and retaliation case for $80,000 in "noneconomic damages" and

4  $40,000 in economic damages); *Viveros v. Donahoe*, 2012 WL 7854374, United

5  States District Court, Central District of California (Nov. 30, 2012) (verdict in

6  wrongful termination and discrimination case awarding  $225,000 in emotional

7  distress damages and $152,000 in back pay); *Cho v. B & B Pharmacy and Healthcare*

8  *Center*, 2011 WL 8227178, Superior Court, Los Angeles County (July 13, 2011)

9  (verdict in wrongful termination, pregnancy discrimination, and harassment case for

10  $75,000 in "noneconomic loss" and $37,500 in economic damages); *Husein v. Selma*

11  *Unified School District*, 2010 WL 8672016, Superior Court, Fresno County (Oct. 26,

12  2010) (verdict in wrongful termination and racial discrimination case for $110,000

13  in past and future "noneconomic damages" and roughly $70,000 in economic

14  damages).

15      22.    Here, even a conservative estimate using a one-to-one ratio of non-

16  economic damages to economic damages would result in an approximate non-

17  economic damages award of **$103,680**.

18      23.    **Punitive Damages.** Plaintiff alleges that Defendants committed certain

19  acts "maliciously, fraudulently, and oppressively, with the wrongful intention of

20  injuring Plaintiff, from an improper and evil motive amounting to despicable

21  conduct, and in conscious disregard of [Plaintiff's] rights," and that Plaintiff is

22  entitled to recover punitive damages as a result. (Compl., ¶¶ 60.)

23      24.    The Court may take into account punitive damages for purposes of

24  determining the amount in controversy where such damages are recoverable under

25  state law. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal.

26  2002).  California law does not provide any specific monetary limit on the amount of

27  punitive damages that may be awarded under Civil Code § 3294. *Boyle v. Lorimar*

28  *Productions, Inc.*, 13 F. 3d 1357, 1360 (9th Cir. 1994).  A punitive damages award

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE NO. 4:23-CV-390

**NOTICE OF REMOVAL**

1   may equal as much as four times the amount of the actual damages award. *State*

2   *Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

3   25.   Here, even assuming a conservative two-to-one ratio of punitive

4   damages to Plaintiff's alleged economic damages, a reasonable estimate of Plaintiff's

5   punitive damages is, therefore, approximately **$207,360.**

6   26.   **Attorneys' Fees**. Attorneys' fees must be considered in determining

7   whether the amount in controversy requirement has been satisfied if a plaintiff sues

8   under a statute that authorizes an award of fees to the prevailing party. *Canesco v.*

9   *Ford Motor Company,* 570 F. Supp. 3d 872, 903, n. 19 (S.D. Cal. 2021).  "[T]he

10  measure of fees should be the amount that can reasonably be anticipated at the time

11  of removal, not merely those already incurred." *Simmons v. PCR Tech.*, 209 F. Supp.

12  2d 1029, 1034-35 (N.D. Cal. 2002).

13  27.   While Plaintiff's attorneys' fees cannot be precisely calculated, it is

14  reasonable to assume that they likely will exceed the damages award. *See id.*, at

15  1035. Recent estimates for the number of hours expended through trial for single-

16  plaintiff employment cases have ranged from 100 to 300 hours. *Sasso v. Noble Utah*

17  *Long Beach, LLC,* No. CV 14-09154-AB (AJWx), 2015 WL 898468, *12 (C.D. Cal.

18  March 3, 2015) (citations omitted). Therefore, assuming reasonable attorney hourly

19  rates of $300 per hour, it is reasonable to assume an attorneys' fee award of at least

20  **$30,000.00** (100 hours x $300).

21  28.   **Other Relief.** Plaintiff also seeks open-ended relief as "[s]uch other and

22  further relief as the court may deem proper." (Compl. at Prayer for Relief.)  Although

23  uncertain in amount, this additional damages claim only serves to increase the

24  amount in controversy. *See Lewis v. Exxon Mobil Corp*., 348 F. Supp. 2d 932, 932-

25  934 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for

26  "judgment to be determined by a jury, for all incidental, consequential, compensatory

27  and punitive damages" established that his case met the amount in controversy

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

/CASE NO. 4:23-CV-390

**NOTICE OF REMOVAL**

1    requirement even though he pled in the complaint that he did not assert a claim in

2    excess of $75,000).

3        29.    Defendants deny that Plaintiff's claims have any merit.  Defendants also

4    deny that Plaintiff suffered any damages. However, when the relief sought is taken

5    as a whole, the amount in controversy exceeds the jurisdictional requirement of

6    $75,000.00, exclusive of interest and costs.

7        30.    Thus, this Court has original jurisdiction over the claims asserted by

8    Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C.

9    §§ 1332(a)(1) and 1441(a).

10   **IV.    THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE**

11   **BEEN SATISFIED.**

12       **A.    This Court Has Been Provided With All Prior Pleadings.**

13       31.    Pursuant to 28 U.S.C. § 1446(a), Defendants have attached all

14   pleadings, process, orders, and all other filings in the State Court Action to the

15   Declaration of David L. Cheng.  (Cheng Decl. ¶¶ 3-5, Exs. A-B.)

16       **B.    The Instant Removal Is Timely.**

17       32.    This Notice of Removal is timely filed in accordance with 28 U.S.C.

18   § 1446(b), in that it is filed within thirty (30) days after December 27, 2022, the date

19   on which Defendants were served with the Complaint. *See Murphy Bros., Inc. v.*

20   *Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). The 30-day period for

21   removal runs from the date of service of the summons and complaint, as governed

22   by state law. *See id.*  Here, the last day for removal falls on January 26, 2022,

23   accounting for weekends and holidays. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. Proc.

24   6(a). Therefore, the instant Notice of Removal has been timely filed.

25       **C.    Venue is Proper.**

26       33.    This action was brought and is pending before the Superior Court of

27   California, Alameda County.  Alameda County is located within the Northern District

28   of California. Thus, venue is proper pursuant to 28 U.S.C. § 84(b) because Alameda

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE NO. 4:23-CV-390

**NOTICE OF REMOVAL**

County is the "district and division embracing the place where [Plaintiff's] action is pending." 28 U.S.C. § 1441(a).

**D.     The Notice Requirements Have Been Satisfied.**

34.     As required by 28 U.S.C. §1446(d), Defendants will promptly file and serve a notice of removal to the Clerk of the Superior Court of California, County of Alameda, and will serve the same upon Plaintiff. (*See* Cheng Decl. ¶ 6.)

**VII.  CONCLUSION**

WHEREFORE, Defendants remove this civil action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.  By removing the action to this Court, Defendants do not waive any defenses, objections, or motions available to them under state or Federal law.

Date:   January 26, 2023                         FORD & HARRISON LLP


                                                 By:  */s/ David L. Cheng*
                                                      David L. Cheng
                                                      Attorneys for Defendants
                                                      DRIVEN BRANDS SHARED SERVICES,
                                                      LLC and LINDA ZARAPKAR

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE NO. 4:23-CV-390

**NOTICE OF REMOVAL**

# CERTIFICATE OF SERVICE

I, Rhoel Garcia, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On the date indicated below I served a copy of the within document, described as:

## NOTICE OF REMOVAL

Upon the parties listed below as follows:

| | |
|---|---|
| Martin Zurada | Phone: (510) 832-4295 |
| Blair Kittle | Fax: (510) 832-4364 |
| VENARDI ZURADA LLP | Email: mzurada@vzlawfirm.com |
| 1418 Lakeside Drive | bkittle@vzlawfirm.com |
| Oakland, California 94612 | csouza@vzlawfirm.com |
| | Attorneys for Plaintiff |
| | DANISHA BROWN |

☐ **ELECTRONICALLY**: I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

☐ By causing the document(s) listed above to be mailed in a sealed envelope with postage thereon fully prepaid, for mailing by the United States Postal Service at Los Angeles, California addressed as set forth above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ By e-mail or electronic transmission. Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed by a member of the bar of this Court under whose direction this service was made.

Executed on January 26, 2023, at Los Angeles, California.

_____
Rhoel Garcia

WSACTIVELLP:13754013.2

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

/CASE NO. 4:23-CV-390

CERTIFICATE OF SERVICE