David L. Cheng (SBN 240926)
    dcheng@fordharrison.com
FORD & HARRISON LLP
1901 Harrison Street, Suite 1650
Oakland, CA 94162
Telephone:  415-852-6910
Facsimile:   415-852-6925

Attorneys for Defendants
DRIVEN BRANDS SHARED
SERVICES, LLC and LINDA
ZARAPKAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANISHA BROWN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DRIVEN BRANDS SHARED SERVICES, LLC, a Delaware Limited Liability Company; LINDA ZARAPKAR, an individual; and DOES 1 through 20, inclusive,<br><br>Defendant. | Case No. 4:23-CV-390<br>Removed from Alameda Superior Court Case No. 22CV024263<br><br>**DECLARATION OF DAVID L. CHENG IN SUPPORT OF REMOVAL**<br><br>Action Filed:    December 21, 2022<br>Date Removed:  January 26, 2023<br>Trial Date:       None Set |

I, David L. Cheng, declare as follows:

1.      I am an attorney at law licensed to practice in the State of California and in the United States District Court for the Northern District of California.  I am an attorney with the law firm of FORD & HARRISON LLP, counsel of record for DRIVEN BRANDS SHARED SERVICES, LLC in this action, and I make this declaration in support of Defendant's Notice of Removal.  All of the information set forth herein is based on my personal knowledge and, if called as a witness, I could competently testify thereto.

2.      On December 21, 2022, Plaintiff Danisha Brown ("Plaintiff") filed a complaint in the Superior Court of California, County of Alameda, titled "*Danisha Brown v. Driven Brands Shared Services, LLC; Linda Zarapkar, and Does 1 through 20*," Case No. 22CV024263 (the "State Court Action").

3.      True and correct copies of the entire file or record in the State Court Action, including all process, pleadings, and orders served upon Defendants in this action, are incorporated herein and attached hereto **Exhibit A**.

4.      On January 25, 2023, Defendants filed their Answer to the State Court Action.  True and correct copies Defendants' endorsed Answer is incorporated herein and attached hereto as **Exhibit B**.

5.      Exhibits A and B constitute all process, pleadings and orders served upon or filed in the State Court Action. Based on my review of the online docket for the State Court Action, there have been no other filings and orders made in the State Court Action.

6.      Defendants will promptly notify Plaintiff and the Clerk of the Superior Court of California, County of Alameda, that the case has been removed.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 26th day of January, 2023, in Los Angeles, California.


_____
*/s/ David L. Cheng*
David L. Cheng

# EXHIBIT A

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**12/21/2022 at 04:12:01 PM**
By: Tania Pierce,
Deputy Clerk

1  Mark L. Venardi (SBN 173140)
Martin Zurada (SBN 218235)
2  Blair Kittle (SBN 336367)
VENARDI ZURADA LLP
3  1418 Lakeside Drive
Oakland, California 94612
4  Telephone:  (510) 832-4295
Facsimile:   (510) 832-4364
5
Attorneys for Plaintiff
6  DANISHA BROWN

7

8              **IN THE SUPERIOR COURT  OF CALIFORNIA**

9                       **COUNTY OF ALAMEDA**

10

11  DANISHA BROWN, an individual,              Case No.   22CV024263

12              Plaintiff,              **COMPLAINT FOR DAMAGES;**
**DEMAND FOR JURY TRIAL**
13
14              vs
              1. **HARASSMENT BASED ON RACE,**
15  DRIVEN BRANDS SHARED SERVICES,              **ETHNICITY, AND NATIONAL**
LLC, a Delaware Limited Liability Company;              **ORIGIN IN VIOLATION OF FEHA;**
16  LINDA ZARAPKAR, an individual; and DOES              2. **HARASSMENT BASED ON**
1 through 20, inclusive,              **SEX/GENDER/SEXUAL**
17              **ORIENTATION (FEHA);**
              3. **FAILURE TO PREVENT**
18              Defendants.              **HARASSEMENT,**
              **DISCRIMINATION, AND**
19              **RETALIATION IN VIOLATION OF**
              **FEHA;**
20              4. **NEGLIGENT INFLICTION OF**
              **EMOTIONAL DISTRESS;**
21              5. **INTENTIONAL INFLICTION OF**
              **EMOTIONAL DISTRESS;**
22              6. **RETALIATION IN VIOLATION OF**
              **FEHA**
23              7. **RETALIATION (*LABOR CODE* §**
              **1102.5); AND**
24              8. **WRONGFUL TERMINATION IN**
              **VIOLATION OF PUBLIC POLICY**
25

26
Plaintiff DANISHA BROWN ("Plaintiff") alleges as follows:
27

28

                            - 1 -

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**
CASE NO.:

**NATURE OF CLAIM**

1.      This is an action by Plaintiff, a former employee, against the Defendants, seeking remedies for harassment based on race and sex/gender/sexual orientation, retaliation, failure to prevent harassment, discrimination and retaliation, intentional and negligent infliction of emotional distress, and wrongful termination.

**SUBJECT MATTER JURISDICTION AND VENUE**

2.      This Court has subject matter jurisdiction and is a proper venue because Plaintiff worked for Defendants in Alameda County.

**PARTIES**

3.      Defendant DRIVEN BRANDS SHARED SERVICES, LLC ("Driven Brands") is a Delaware Limited Liability Company with its principal business offices located at 440 S Church Street, Suite 700, Charlotte, NC 28202. Defendant Driven Brands along with any other entity DOE defendants are hereinafter referred to as ("Entity Defendants").

4.      Defendant LINDA ZARAPKAR was Plaintiff's skip-level supervisor at the Oakland corporate office of Defendant Driven Brands. She is a resident of California.

5.      The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants sued herein as DOES 1 through 20, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names and Plaintiff will seek to amend this Complaint to show their true names and capacities when the same have been ascertained.  Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as DOE is legally responsible in some manner for the events and happenings referred to herein and caused injury and damage proximately thereby to Plaintiff as alleged herein. Each reference in this Complaint to "Defendant," "Defendants" or a specifically named Defendant refers also to all Defendants sued under fictitious names. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned each of the Defendants was the agent, employee and servant of each of the remaining Defendants, and in doing the actions hereinafter alleged was acting within the scope of such agency, employment, and servitude, with the knowledge and consent of each of the Defendants.  Whenever this Complaint makes reference to "Defendants" or

- 2 -

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**
CASE NO.:

"Defendants, and each of them," such allegations shall be deemed to mean the acts of Defendants acting individually, jointly and/or severally.

6.    At all relevant times Defendants and DOES 1 through 20 were joint employers of Plaintiff because (a) each of them exercised control over Plaintiff's wages, hours, or working conditions, (b) each of them suffered or permitted Plaintiff to work, or (c) each of them engaged Plaintiff in a manner which created a common law employment relationship (d) they employed five or more individuals on a regular basis.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.    At all times relevant, Entity Defendants regularly employed five or more persons, bringing Entity Defendants within the provisions of *California Government Code* section 12900, et seq. ("FEHA"), prohibiting employers or their agents from discriminating against or harassing its employees, or from allowing and fostering an environment where fellow employees could harass or discriminate against other employees with impunity.

8.    Plaintiff has exhausted available administrative remedies by timely filing a complaint of discrimination and harassment in his employment with the California Department of Fair Employment and Housing ("DFEH") against Defendants.  The DFEH initially filed an administrative complaint on December 20, 2022 and the DFEH issued its Right-To-Sue Notice letter on December 20, 2022 authorizing this lawsuit. Plaintiff timely filed this action within the prescribed period subsequent to issuance of the Right-To-Sue Notice letter.  Plaintiff has, therefore, exhausted his administrative remedies and timely filed this action within the prescribed period subject to issuance of the Right-To-Sue Notice letter.  A true and correct copy of the final DFEH Complaint and Right to Sue letter issued by the DFEH are attached hereto as **Exhibit 1.**

## FACTS RELATED TO PLAINTIFF'S EMPLOYMENT

9.    Plaintiff was employed by Defendants as a POS Inventory Audit Assistant at the Driven Brands' office located at 1258 W Grand Avenue, Oakland CA 94607 since October of 2021.

- 3 -

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**
CASE NO.:

10.    On or around April 2022, Defendant Zarapkar was installed by Driven Brands as Plaintiff's skip-level supervisor and the Office Manager of the 1258 W Grand office.

11.    Ever since Defendant Zarapkar became Plaintiff's skip-level supervisor, Defendant Zarapkar has subjected Plaintiff to pervasive harassment based on Plaintiff's race gender and sexual orientation.

12.    Plaintiff has repeatedly resisted, complained about and reported Defendant reported Zarapkar's conduct to Plaintiff's immediate supervisor, Janelle, but Janelle made no attempts to stop the harassment or remedy the situation.

13.    Plaintiff has repeatedly resisted and complained directly to her skip-level supervisor Zarapkar to stop the harassing conduct, but Defendant Zarapkar did not stop her harassment.

14.    Plaintiff is an African American lesbian.

15.    Around May or June of 2022, Supervisor Zarapkar assigned Plaintiff to work with a gay employee of a company acquired by Driven Brands because Plaintiff was also gay. Supervisor Zarapkar explicitly said that this assignment was due to Plaintiff's sexual orientation. Plaintiff complained to her direct supervisor Janelle that this assignment made her uncomfortable and that she did not want to be given assignments based on her sexual orientation.

16.    In meetings and in conversation in the office, Supervisor Zarapkar repeatedly called and referred to Plaintiff as a "drama queen," in a derogatory manner referencing Plaintiff's sexual orientation.

17.    During Plaintiff's performance review on July 13, 2022, Supervisor Zarapkar told Plaintiff that she needed to maintain her composure. Plaintiff questioned what this meant and Supervisor Zarapkar also told Plaintiff that she is "rough around the edges" due to Plaintiff's demeanor and manner of speech. Supervisor Zarapkar was referring to the fact that Plaintiff has a manner of speech congruent with her identity and background as an African American person.

18.    Supervisor Zarapkar also criticized Plaintiff's appearance and manner of dress, often saying that Plaintiff did not have the "corporate look." Plaintiff dressed in business casual and dressed better than her similarly ranked non-African American co-workers and was singled out for harassment regarding her style of dress because of her race.

- 4 -

19.     Around August or September 2022, during casual conversation in the office, Supervisor Zarapkar would frequently complain loudly to Plaintiff that the office is located in the "ghetto" because the neighborhood where the office is located has a high population of African American residents. In these conversations, Supervisor Zarapkar also repeatedly criticized the African American community generally.

20.     Supervisor Zarapkar repeatedly told Plaintiff that she "stinks." Plaintiff sometimes smokes cigarettes and then applies scented lotion to coverup the smell.  Plaintiff requested that Supervisor Zarapkar not loudly proclaim that Plaintiff "stinks." Several white employees in the office also smoked and supervisor Zarapkar only singled out Plaintiff for this harassment.

21.     On at least one occasion, Supervisor Zarapkar told Plaintiff she empathized with Plaintiff because she too was an "Urban Mom." Plaintiff confronted Supervisor Zarapkar that this language was offensive, because she knew Supervisor Zarapkar meant "Urban" to refer to African American people.

22.     Supervisor Zarapkar informed Plaintiff that African American lesbians like Plaintiff are overly emotional and "that's how people in your community are – you take things too personal" when Plaintiff has complained about and resisted Supervisor Zarapkar's harassment.

23.     As a result of Plaintiff's resistance to and complaints about Supervisor Zarapkar's harassment, Supervisor Zarapkar has retaliated against Plaintiff. Among other things, when Plaintiff caught COVID around October 9, 2022, Supervisor Zarapkar assigned her significant amounts of extra work in an act of retaliation. Several other employees had been sick with COVID and did not receive extra work like Plaintiff.

24.     On October 26, 2022, Plaintiff met with Supervisor Zarapkar to discuss company overtime policies. During this meeting, Supervisor Zarapkar tried to start a conversation about dildos and their legality in other countries. This conversation made Plaintiff extremely uncomfortable because Supervisor Zarapkar was bringing this topic up an inappropriate topic in the context of Plaintiff's lesbian orientation.

25.     Later that day Plaintiff suffered a panic attack as a result of Supervisor Zarapkar's harassment. On that date, Plaintiff had to leave work and report to a physician.  At her Doctor's

- 5 -

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL
CASE NO.:

suggestion, Plaintiff remained off of work until November 7, 2022.

26.    After she had made numerous complaints to her supervisors, Plaintiff called Driven Brands' "Integrity Line" on October 27, 2022 to report Supervisor Zarapkar's harassment. No action was taken by Driven Brands to rectify the situation.

27.    On November 7, 2022 Plaintiff sent a letter to Driven Brands describing how Defendant Zarapkar's harassment had caused Plaintiff extreme emotional distress and was so intolerable that she had no reasonable alternative but to resign.

### FIRST CAUSE OF ACTION
### RACE/ETHNICITY/NATIONAL ORIGIN HARASSMENT
### IN VIOLATION OF FEHA
### (AGAINST ALL DEFENDANTS)

28.    Plaintiff incorporates each and every allegation contained in paragraphs 1 through 27 of this Complaint.

29.    At all times mentioned in this Complaint, "FEHA" was in full force and effect and was binding on Defendants. "FEHA" prohibits race/ethnicity/national origin harassment and requires Defendants to refrain from harassing any employee because of their race/ethnicity/national origin. Plaintiff is African American. Plaintiff, as African American person, is a member of a class of persons protected by the FEHA from employment harassment and discrimination on the basis of race/ethnicity/national origin.

30.    The conduct by Defendant Zarapkvar described in this Complaint was unwelcome to Plaintiff and was sufficiently severe that it had the effect of altering the conditions of Plaintiff's employment and created an intimidating, hostile, abusive, and offensive work environment. Defendant Zarapkar exercised substantial control over the terms of Plaintiff's employment (including, without limitation, hiring, firing, demoting, promoting, transferring and disciplining employees).

31.    Defendant Driven Brands is strictly liable for acts of harassment committed by Plaintiff's supervisors, including but not limited to harassment by Defendant Zarapkar. Defendant Driven Brands also should have known about the harassment because Plaintiff complained about it.

- 6 -

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**
CASE NO.:

32.   The conduct of Defendants constitutes unlawful harassment based on Plaintiff's race/ethnicity/national origin in violation of FEHA.

33.   Defendant Zarapkar is directly liable for her wrongful acts and/or omissions. Furthermore, the liability of the Defendants also stem from one or more of the following: Driven Brands is vicariously liable for Defendant Zarapkar's conduct because she is an employee of Driven Brands and/or the supervisor of Plaintiff; Defendants had a duty to either refrain from the wrongful acts or to prevent and/or restrain others from committing the wrongful acts; Defendant Zarapkar was acting as an agent of Driven Brands; and Defendant Driven Brands was aware of the harassing conduct of Defendant Zarapkar but failed to take steps to prevent this harassment when it had an obligation to do so. In fact Defendants took no action to investigate, prevent or stop the unlawful harassment.

34.   As a result of the harassment perpetrated and maintained by Defendants, and their failure to protect Plaintiff from further harassment/discrimination, Plaintiff has suffered and continues to suffer damages and injury in amounts not yet ascertained, but in excess of the jurisdictional minimum of this Court, including, but not limited to, losses in earnings, and other employment benefits, emotional and physical distress, depression, anxiety, humiliation, embarrassment, pain and suffering and loss and injury to reputation. In bringing this action, Plaintiff has been required to retain counsel in this matter. Pursuant to California Government Code § 12965(b) they are entitled to an award of attorneys' fees.

35.   The actions of individual Defendant Zarapkar were malicious, oppressive, and fraudulent, and Plaintiff is entitled to recover punitive damages from this Defendant and Defendant Driven Brands.

## SECOND CAUSE OF ACTION
### SEX/GENDER/SEXUAL ORIENTATION HARASSMENT IN VIOLATION OF FEHA
#### (AGAINST ALL DEFENDANTS)

36.   Plaintiff incorporates each and every allegation contained in paragraphs 1-35 of this Complaint.

- 7 -

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL
CASE NO.:

1

2

3

4

37.     At all times mentioned in this Complaint, "FEHA" was in full force and effect and was binding on Defendants. "FEHA" prohibits discrimination based on sexual orientation in employment and requires Defendants to refrain from harassing any employee on the basis of their sex and gender among other things.

5

6

7

8

9

10

11

12

38.     The Defendants treated Plaintiff differently and harassed her because of her sexual orientation and gender through Defendant Zarapkar actions. Defendant Zarapkar acted in an unprofessional, lewd and outrageous manner as described in this Complaint.  Defendant Zarapkar, who was a supervisor at the Entity Defendants, exercised substantial control over the terms of Plaintiff's employment (including, without limitation, hiring, firing, demoting, promoting, transferring and disciplining employees).  At all relevant times, the Entity Defendants had actual and/or constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination.

13

14

15

16

39.     The Entity Defendants, through its agents and employees engaged in a pattern and practice of unlawful sex/gender/sexual orientation harassment in violation of the FEHA in connection with its treatment of Plaintiff and the terms and conditions of her employment, based on a discriminatory animus towards sex/gender/sexual orientation.

17

18

19

20

40.     The Entity Defendants are vicariously liable for Defendant Zarapkar's actions as their employee and the supervisor over Plaintiff; the Entity Defendants had a duty to either refrain from the wrongful and unlawful acts or to prevent and/or restrain others from committing the wrongful and unlawful acts.

21

22

23

24

25

26

27

41.     As a result of the acts of discrimination perpetrated and maintained by the Entity Defendants, and their failure to protect Plaintiff from further harassment, Plaintiff has suffered and continues to suffer damages and injury in amounts not yet ascertained, but in excess of the jurisdictional minimum of this Court, including, but not limited to, losses in earnings, and other employment benefits, severe emotional and physical injuries, depression, anxiety, humiliation, embarrassment, pain and suffering and loss and injury to reputation. Defendants' actions were a substantial factor in causing Plaintiff's harm.

28

- 8 -

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL
CASE NO.:

42.     Defendants' actions were malicious, oppressive, and fraudulent, and Plaintiff is entitled to recover punitive damages from Defendants.

43.     In bringing this action, Plaintiff has been required to retain counsel for representation in this matter. Pursuant to *California Government Code* § 12965(b) they are entitled to an award of attorneys' fees.

**THIRD CAUSE OF ACTION**
**FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT HARASSMENT,**
**DISCRIMINATION, AND/OR RETALIATION**
**(AGAINST ENTITY DEFENDANTS)**

44.     Plaintiff incorporates each and every allegation contained in paragraphs 1-43 of this Complaint.

45.     The Entity Defendants had an affirmative duty to take all reasonable steps necessary to prevent discrimination and/or harassment from occurring in the workplace pursuant to *California Government Code* § 12940(k). Courts have interpreted section 12940(k) to encompass claims for failure to prevent retaliation in addition to harassment and discrimination because retaliation is a form of discrimination under FEHA. *Taylor v. City of Los Angeles Dept. of Water & Power* (Cal. App. 2d Dist. 2006) 144 Cal.App.4th 1216, 1240, disapproved on other grounds in *Jones v. The Lodge at Torrey Pines Partnership* (2008) 42 Cal. 4th 1158, 1174. Entity Defendants breached this affirmative duty to express strong disapproval of harassing and discriminatory practices, failed to develop appropriate sanctions for harassment and discrimination practices, failed to develop appropriate methods to educate employees/managers about unlawful and inappropriate practices, including the gravity of consequences for engaging in such practices, and by failing to take immediate and appropriate corrective action to stop the harassment and discrimination from occurring.

46.     The liability of the Entity Defendants also stems from one or more of the following: Entity Defendants are joint employers of Plaintiff; the Entity Defendants are vicariously liable for Supervisor Zarapkar's actions as their employee and the supervisor over Plaintiff; the Entity Defendants had a duty to either refrain from the wrongful and unlawful acts or to prevent

- 9 -

and/or restrain others from committing the wrongful and unlawful acts; and Supervisor Zarapkar was acting as an agent of the Entity Defendants.

47.    As a proximate result of Entity Defendants' unlawful employment practices, Plaintiff suffered and continues to suffer damages, including but not limited to damages for humiliation, embarrassment, damages for severe mental and emotional distress and discomfort, as well as forcing him to incur attorneys' fees, costs and certain other incidental damages, all according to proof. Defendants' actions were a substantial factor in causing Plaintiff's harm.

48.    The Entity Defendants' actions were malicious, oppressive, and fraudulent, and Plaintiff is entitled to recover punitive damages from Defendant, and each of them.

49.    In bringing this action, Plaintiff has been required to retain counsel in this matter. Pursuant to *California Government Code* § 12965(b) they are entitled to an award of attorneys' fees.

## FOURTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST ALL DEFENDANTS)

50.    Plaintiff incorporates each and every allegation contained in paragraphs 1-49 of this Complaint.

51.    Supervisor Zarapkar acted in an outrageous manner towards Plaintiff as set forth in this Complaint.

52.    Supervisor Zarapkar failed to act with reasonable care to avoid causing Plaintiff emotional distress as described in this Complaint.  Supervisor Zarapkar acted negligently in causing emotional distress to Plaintiff.

53.    Supervisor Zarapkar is directly liable for her wrongful and unlawful acts and/or omissions.  The liability of the Entity Defendants also stems from one or more of the following: Defendants are joint employers of Plaintiff; the Entity Defendants are vicariously liable for Supervisor Zarapkar's actions as their employee and the supervisor over Plaintiff; the Entity Defendants had a duty to either refrain from the wrongful and unlawful acts or to prevent and/or restrain others from committing the wrongful and unlawful acts; and Supervisor Zarapkar was acting as an agent of the Entity Defendants.

- 10 -

54.     As a direct and proximate result of Defendants' negligent actions, Plaintiff suffered severe emotional distress and sustained damages in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
#### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
#### (AGAINST ALL DEFENDANTS)

55.     Plaintiff incorporates each and every allegation contained in paragraphs 1-54 of this Complaint.

56.     Supervisor Zarapkar acted in an outrageous manner towards Plaintiff as set forth in this Complaint.

57.     Supervisor Zarapkar either intended to cause emotional distress to Plaintiff, or acted with reckless disregard such that Plaintiff suffered emotional distress as a result of Defendant Zarapkar's actions.

58.     Supervisor Zarapkar is directly liable for her wrongful and unlawful acts and/or omissions.  The liability of the Entity Defendants also stems from one or more of the following: Defendants are joint employers of Plaintiff; the Entity Defendants are vicariously liable for Supervisor Zarapkar's actions as their employee and the supervisor over Plaintiff; the Entity Defendants had a duty to either refrain from the wrongful and unlawful acts or to prevent and/or restrain others from committing the wrongful and unlawful acts; and Supervisor Zarapkar was acting as an agent of the Entity Defendants.

59.     As a direct and proximate result of Defendants' negligent actions, Plaintiff suffered severe emotional distress and sustained damages in an amount to be determined at trial.

60.     Defendant Zarapkar committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Punitive damages are therefore warranted against Defendant Zarapkar and Entity Defendants.

- 11 -

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL
CASE NO.:

## SIXTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF FEHA
#### (AGAINST ENTITY DEFENDANTS)

61.    Plaintiff incorporates each and every allegation contained in paragraphs 1-60 of this Complaint.

62.    Plaintiff refused, resisted, complained, objected and/or expressed displeasure about Supervisor Zarapkar's wrongful and unlawful conduct as described in this Complaint.  Entity Defendants retaliated against Plaintiff continuing to repeatedly harass her at work including without limitation, assigning her extra work when she caught COVID and by diminishing and attributing her complaints to being "overly emotional" because she is African American and lesbian.  As a result of this severe and pervasive harassment and discrimination and retaliation, Plaintiff had no choice but to resign, and was therefore constructively terminated.

63.    The Entity Defendants, through their agents and employees engaged in a pattern and practice of retaliation in violation of FEHA in response to Plaintiff engaging in a protected activity. Defendants' actions were a substantial factor in causing Plaintiff's harm.

64.    As a direct and proximate result of the acts, and failures and refusals to act, of the Entity Defendants, Plaintiff suffered general and special damages in an amount exceeding the jurisdictional minimum of the Superior Court, according to proof at trial.

65.    The Entity Defendants' actions were malicious, oppressive, and fraudulent, and Plaintiff is entitled to recover punitive damages from the Entity Defendants.

66.    In bringing this action, Plaintiff has been required to retain counsel in this matter. Pursuant to *California Government Code* § 12965(b) they are entitled to an award of attorneys' fees.

## SEVENTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE §§ 1102.5
#### (AGAINST ALL DEFENDANTS)

67.    Plaintiff incorporates each and every allegation contained in paragraphs 1-66 of this Complaint.

68.    Plaintiff refused, resisted, complained, objected and/or expressed displeasure about Supervisor Zarapkar's wrongful and unlawful conduct as described in this Complaint. Entity

- 12 -

Defendants retaliated against Plaintiff continuing to repeatedly harass her at work, assigning her extra work when she caught COIVD, and by diminishing and attributing her complaints to being "overly emotional" because she is African American and lesbian.  As a result of this severe and pervasive harassment and discrimination and retaliation, Plaintiff had no choice but to resign, and was therefore constructively terminated.

69.    The Entity Defendants' retaliatory conduct violated *Labor Code* § 1102.5(b) which provides in relevant part that an "employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information. . . to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance,  . . . if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation".

70.    Plaintiff suffered injuries as a result of the Entity Defendants' violation of *Labor Code* § 1102.5(b)-(c), including loss of earnings and benefits, and severe emotional and physical distress, all of which will be proven at trial.  In addition to any other legal remedies, Plaintiff is also entitled to punitive damages not exceeding $10,000 for each violation of Labor Code § 1102.5 pursuant to Labor Code § 1102.5(f).

71.    The Entity Defendants committed the acts alleged herein maliciously fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to recover punitive damages from the Entity Defendants in an amount according to proof at trial.

72.    Plaintiff was not required to exhaust any administrative remedies to bring his *Labor Code* §§ 1102.5 claims because *Labor Code* § 244(a) provides that no such exhaustion is required under any *Labor Code* provision unless "that section under which the action is brought expressly requires exhaustion of an administrative remedy".  Neither *Labor Code* §§ 1102.5 or 98.6 have an exhaustion requirement.

- 13 -

73.     In bringing this action, Plaintiff has been required to retain counsel in this matter. Pursuant to *California Labor Code* § 1102.5 (j) they are entitled to an award of attorneys' fees.

### EIGHTH CAUSE OF ACTION
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**(AGAINST ENTITY DEFENDANTS)**

74.     Plaintiff incorporates each and every allegation contained in paragraphs 1-73 of this Complaint.

75.     Plaintiff refused, resisted, complained, objected and/or expressed displeasure about Supervisor Zarapkar's wrongful and unlawful conduct as described in this Complaint. Entity Defendants retaliated against Plaintiff continuing to repeatedly harass her at work and by diminishing and attributing her complaints to being "overly emotional" because she is African American and lesbian.  As a result of this severe and pervasive harassment and discrimination and retaliation, Plaintiff had no choice but to resign because the working conditions were so intolerable that a reasonable person in Plaintiff's position would have no reasonable alternative but to resign. Plaintiff was therefore constructively terminated.

76.     The conduct described in this complaint, including harassment, retaliation, and wrongful actual/constructive resignation of Plaintiff, constitute a violation of public policy embodied in provisions of FEHA, prohibiting employers or their agents from sexually harassing employees, or from allowing and fostering an environment where fellow employees could harass other employees with impunity, and also retaliating (in violation of violation of FEHA and *Labor Code* §§ 1102.5(b) and (c)).

77.     The liability of the Entity Defendants also stems from one or more of the following: Defendants are joint employers of Plaintiff; the Entity Defendants are vicariously liable for Supervisor Zarapkar's actions as their employees and the supervisors over Plaintiff; the Entity Defendants had a duty to either refrain from the wrongful and unlawful acts or to prevent and/or restrain others from committing the wrongful and unlawful acts; and Supervisor Zarapkar was acting as an agent of the Entity Defendants.  As a direct and proximate result of Plaintiff's forced resignation, he has suffered and continues to suffer damages that exceed the jurisdictional limit of

- 14 -

this Court, including loss of earnings, benefits and severe emotional and physical distress, all of which will be proven at trial.

78.    The Entity Defendants committed the acts alleged herein maliciously fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to recover punitive damages from the Entity Defendants in an amount according to proof at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment to be entered against Defendants, and each of them for:

1.    Compensatory, general and special damages according to proof and as allowed by law;

2.    Punitive and exemplary damages, according to proof;

3.    Damages or statutory penalties and attorneys' fees provided by *Labor Code* § 1102.5;

4.    Costs, interest, and reasonable attorneys' fees pursuant to *Government Code* § 12965(b), 1102.5(j), and where may otherwise be authorized by law;

5.    Costs of the suit herein; and

6.    Such other and further relief as the Court may deem appropriate.

Dated: December 20, 2022              VENARDI ZURADA LLP

_____
Martin Zurada
Attorneys for Plaintiff,
DANISHA BROWN

- 15 -

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL
CASE NO.:

1
2
3

### **DEMAND FOR JURY TRIAL**

4

Plaintiff demands a trial by jury.

5

Dated: December 20, 2022                              VENARDI ZURADA LLP

6
7
8
9

_____

Martin Zurada
Attorneys for Plaintiff,
DANISHA BROWN

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 16 -

# EXHIBIT 1

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

                                                                                       KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

December 20, 2022


Blair Kittle
1418 Lakeside Drive
Oakland, CA 94612

RE:    **Notice to Complainant's Attorney**
       CRD Matter Number: 202212-19193120
       Right to Sue: Brown / Zarapkar et al.

Dear Blair Kittle:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

December 20, 2022

RE:  **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202212-19193120
Right to Sue: Brown / Zarapkar et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD)) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot
Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Government Code section 12945.2, has the right to
participate in CRD's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in CRD's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation.  The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact CRD's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number
indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to CRD is requested or required.

Sincerely,

CRD - ENF 80 RS (Revised 12/22)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

December 20, 2022

Danisha Brown
2715 Ivy Drive
Oakland, CA 94606

RE:    **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202212-19193120
Right to Sue: Brown / Zarapkar et al.

Dear Danisha Brown:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective December 20, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Danisha Brown

CRD No. 202212-19193120

Complainant,

vs.

Linda Zarapkar

,

Driven Brands Shared Services LLC

,

Respondents

**1.** Respondent **Linda Zarapkar** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.**Complainant is naming **Driven Brands Shared Services LLC** business as Co-Respondent(s).

**3**. Complainant **Danisha Brown**, resides in the City of **Oakland,** State of **CA.**

**4**. Complainant alleges that on or about **December 20, 2022**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's race, color, sex/gender, gender identity or expression, sexual orientation, other, sexual harassment- hostile environment, association with a member of a protected class.

**Complainant was discriminated against** because of complainant's race, color, sex/gender, gender identity or expression, sexual orientation, other, sexual harassment-hostile environment and as a result of the discrimination was terminated, forced to quit, reprimanded, denied any employment benefit or privilege, other, denied work opportunities or assignments.

-1-
*Complaint – CRD No. 202212-19193120*

Date Filed: December 20, 2022

CRD-ENF 80 RS (Revised 12/22)

1

**Complainant experienced retaliation** because complainant reported or resisted any form

2

of discrimination or harassment, participated as a witness in a discrimination or harassment
complaint and as a result was terminated, forced to quit, reprimanded, denied any

3

employment benefit or privilege, denied work opportunities or assignments.

4

**Additional Complaint Details:**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-2-

*Complaint – CRD No. 202212-19193120*

27

Date Filed: December 20, 2022

28

CRD-ENF 80 RS (Revised 12/22)

1    VERIFICATION

2    I, **Blair Kittle**, am the **Attorney** in the above-entitled complaint.  I have read the
3    foregoing complaint and know the contents thereof.  The matters alleged are based
     on information and belief, which I believe to be true.

4
     On December 20, 2022, I declare under penalty of perjury under the laws of the State
5    of California that the foregoing is true and correct.

6                                                                **Oakland California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                          -3-
                          *Complaint – CRD No. 202212-19193120*
27
     Date Filed: December 20, 2022
28
                                                    CRD-ENF 80 RS (Revised 12/22)

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*<br>Martin Zurada, 218235<br>Venardi Zurada LLP, 1418 Lakeside Drive, Oakland, CA 94612<br><br>TELEPHONE NO.: (510) 832-4295    FAX NO. *(Optional):* (510) 832-4364<br>E-MAIL ADDRESS: mzurada@vzlawfirm.com<br>ATTORNEY FOR *(Name):* Danisha Brown | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>**12/21/2022 at 04:12:01 PM**<br>By: Tania Pierce,<br>Deputy Clerk | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Northern Division

CASE NAME:
Danisha Brown vs. Driven Brands Shared Services, LLC and Linda Zarapkar

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>22CV024263 |
|---|---|---|
| ☑ **Unlimited** ☐ **Limited**<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | ☐ Counter ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse<br>condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | ☐ Enforcement of judgment (20) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Miscellaneous Civil Complaint** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ RICO (27) |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Fraud (16) | ☐ Residential (32) | **Miscellaneous Civil Petition** |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Partnership and corporate governance (21) |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Other petition *(not specified above)* (43) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2.  This case ☐ is ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
    b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more
       issues that will be time-consuming to resolve           courts in other counties, states, or countries, or in a federal
    c. ☐ Substantial amount of documentary evidence          court
                                                             f. ☐ Substantial postjudgment judicial supervision
3.  Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4.  Number of causes of action *(specify):* Eight
5.  This case ☐ is ☑ is not  a class action suit.
6.  If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: 12/20/22

Martin Zurada
_____
(TYPE OR PRINT NAME)                                          ▸ _____
                                                                (OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                      CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: Brown vs. Driven Brands Shared Services, LLC, et al | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

☑ Oakland, Rene C. Davidson Alameda County Courthouse  (446)  
☐ Hayward Hall of Justice  (447)  
☐ Pleasanton, Gale-Schenone Hall of Justice  (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | ☐ | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case?** ☐ yes ☐ no | | |
| Other PI /PD / WD Tort | Asbestos (04) | ☐ | 75 | Asbestos (D) |
| | Product liability (24) | ☐ | 89 | Product liability (<u>not</u> asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | ☐ | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | ☐ | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | ☐ | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | ☐ | 80 | Civil rights (G) |
| | Defamation (13) | ☐ | 84 | Defamation (G) |
| | Fraud (16) | ☐ | 24 | Fraud (G) |
| | Intellectual property (19) | ☐ | 87 | Intellectual property (G) |
| | Professional negligence (25) | ☐ | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | ☐ | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | ☐ | 38 | Wrongful termination (G) |
| | Other employment (15) | ☑ | 85 | Other employment (G) |
| | | ☐ | 53 | Labor comm award confirmation |
| | | ☐ | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | ☐ | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | ☐ | 81 | Collections (G) |
| | Insurance coverage (18) | ☐ | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | ☐ | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | ☐ | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | ☐ | 17 | Wrongful eviction (G) |
| | Other real property (26) | ☐ | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | ☐ | 94 | Unlawful Detainer - commercial    **Is the deft. in possession** |
| | Residential (32) | ☐ | 47 | Unlawful Detainer - residential    **of the property?** |
| | Drugs (38) | ☐ | 21 | Unlawful detainer - drugs    ☐ **Yes** ☐ **No** |
| Judicial Review | Asset forfeiture (05) | ☐ | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | ☐ | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | ☐ | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)** ☐ Yes ☐ No | | |
| | Other judicial review (39) | ☐ | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | ☐ | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | ☐ | 82 | Construction defect |
| | Claims involving mass tort (40) | ☐ | 78 | Claims involving mass tort |
| | Securities litigation (28) | ☐ | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | ☐ | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | ☐ | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | ☐ | 19 | Enforcement of judgment |
| | | ☐ | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | ☐ | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | ☐ | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | ☐ | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | ☐ | 06 | Change of name |
| | | ☐ | 69 | Other petition |

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
12/21/2022
Chad Finke, Executive Officer / Clerk of the Court
By: _____ T. Pierce _____ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Driven Brands Shared Services, LLC, a Delaware Limited Liability Company; Linda Zarapkar, an individual; and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Danisha Brown, an individual

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
1225 Fallon Street
Oakland, CA 94612

**CASE NUMBER:**
*(Número del Caso):*
22CV024263

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Martin Zurada, 218235                    (510) 832-4295
Venardi Zurada LLP, 1418 Lakeside Drive, Oakland, CA 94612

DATE: 12/21/2022    Chad Finke, Executive Officer / Clerk of the Court    Clerk, by    T. Pierce    , Deputy
*(Fecha)*                                                                   *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)

          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda

12/21/2022

Chad Fike, Executive Officer / Clerk of the Court

By: _T. Pierce_ Deputy

T. Pierce

COURTHOUSE ADDRESS:
Hayward Hall of Justice
24405 Amador Street, Hayward, CA 94544

PLAINTIFF:
Danisha Brown

DEFENDANT:
Driven Brands Shared Services, LLC, a Delaware Limited Liability

**NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER:
22CV024263

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | |
|---|---|
| Date: 05/08/2023 | Time: 9:30 AM | Dept.: 512 |
| Location: Hayward Hall of Justice | |
| 24405 Amador Street, Hayward, CA 94544 | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

| **SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | **FILED**<br>Superior Court of California<br>County of Alameda<br>12/21/2022<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _Tonia Pierce_ Deputy<br>T. Pierce |
| PLAINTIFF/PETITIONER:<br>Danisha Brown | |
| DEFENDANT/RESPONDENT:<br>Driven Brands Shared Services, LLC, a Delaware Limited Liability Company et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22CV024263 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Martin Zurada
Venardi Zurada LLP
1418 Lakeside Drive
Oakland, CA 94612

Chad Finke, Executive Officer / Clerk of the Court

Dated: 12/21/2022                By:

_Tonia Pierce_

T. Pierce, Deputy Clerk

**CERTIFICATE OF MAILING**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br><br>24405 Amador Street, Hayward, CA 94544 | **FILED**<br>Superior Court of California<br>County of Alameda<br><br>12/21/2022<br><br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _T. Pierce_ Deputy<br>T. Pierce |
| PLAINTIFF(S):<br>Danisha Brown | |
| DEFENDANT(S):<br>Driven Brands Shared Services, LLC, a Delaware Limited Liability Con | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>22CV024263 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| ASSIGNED JUDGE: | Eumi Lee |
| DEPARTMENT: | 512 |
| LOCATION: | Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 |
| PHONE NUMBER: | (510) 690-2721 |
| FAX NUMBER: | |
| EMAIL ADDRESS: | Dept512@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 101.3)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

**NOTICE OF CASE ASSIGNMENT**

**ASSIGNED FOR ALL PURPOSES TO**

JUDGE Eumi Lee

DEPARTMENT 512

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days."   The court's website contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By

T. Pierce, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**

# EXHIBIT B

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
01/25/2023 at 11:54:45 AM
By: Suzanne Pesko,
Deputy Clerk

1   David L. Cheng (SBN 240926)
        dcheng@fordharrison.com
2   FORD & HARRISON LLP
    1901 Harrison Street, Suite 1650
3   Oakland, CA 94162
    Telephone:    415-852-6910
4   Facsimile:    415-852-6925

5   Valorie L. Ferrouillet (SBN 221749)
        vferrouillet@fordharrison.com
6   FORD & HARRISON LLP
    350 South Grand Avenue, Suite 2300
7   Los Angeles, CA  90071
    Telephone:    213-237-2406
8   Facsimile:    213-237-2401

9   Attorneys for Defendants
    DRIVEN BRANDS SHARED
10  SERVICES, LLC and LINDA ZARAPKAR

11

12

13              SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                  IN AND FOR THE COUNTY OF ALAMEDA

15

16  DANISHA BROWN, an individual,         CASE NO. 22CV024263

17              Plaintiff,                [Assigned to Hon Eumi Lee, Dept. 512 of the
                                          Hayward Hall of Justice]
18       v.
                                          **DEFENDANTS DRIVEN BRANDS**
19  DRIVEN BRANDS SHARED                  **SHARED SERVICES LLC AND LINDA**
    SERVICES, LLC, a Delaware Limited     **ZARAPKAR'S ANSWER TO**
20  Liability Company; LINDA ZARAPKAR,    **PLAINTIFF'S COMPLAINT**
    an individual; and DOES 1 through 20,
21  inclusive,                            Action Filed:    December 21, 2022
                                          Trial Date:      None Set
22              Defendant.

23

24

25

26

27

28

Defendants DRIVEN BRANDS SHARED SERVICES, LLC, and LINDA ZARAPKAR, by and through their counsel of record, hereby answer the unverified Complaint for damages ("Complaint") of Plaintiff DANISHA BROWN ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to the provisions of Code of Civil Procedure § 431.30(d), Defendants deny, both generally and specifically, each and every allegation, matter or fact contained in Plaintiff's Complaint and the whole thereon, and further deny that Plaintiff has been injured or damaged in any sum whatsoever or is entitled to any relief in any form, whether legal or equitable, from Defendants.

## FIRST AFFIRMATIVE DEFENSE
*(Failure to State a Cause of Action)*

1.      As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert that the Complaint and each and every cause of action fail to set forth facts sufficient to constitute a cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE
*(Failure to Exhaust Administrative Remedies)*

2.      As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert that Plaintiff's causes of action are barred because Plaintiff failed to exhaust his administrative remedies.

## THIRD AFFIRMATIVE DEFENSE
*(Barred by Statute of Limitations)*

3.      As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert that Plaintiff's claims are barred in whole or in part by any and all applicable statutes of limitations, including but not limited to Code of Civil Procedure §§ 335.1, 337, 338, 339, 340 343, California Government Code §§ 12960 and 12965, and California Business and Professions Code §§ 17200, 17208.

**FOURTH AFFIRMATIVE DEFENSE**

*(Failure to Mitigate)*

4.     As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert that if Plaintiff sustained any damages as a result of the allegations set forth in the Complaint, such damages are the result of Plaintiff's failure to take reasonable efforts to mitigate the damages allegedly suffered.

**FIFTH AFFIRMATIVE DEFENSE**

*(Independent Cause)*

5.     As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert that any damages allegedly suffered by Plaintiff were caused or contributed to by persons and causes other than Defendants, including Plaintiff, thereby eliminating or reducing any alleged liability of Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

*(Proportionate Share)*

6.     As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert that their liability for non-economic damages, if any, is limited to that percentage of those damages which are in direct proportion to Defendants' percentage of fault in accordance with Civil Code section 1431.2(a).

**SEVENTH AFFIRMATIVE DEFENSE**

*(Estoppel)*

7.     As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert that Plaintiff is estopped and barred from obtaining the relief requested therein.

**EIGHTH AFFIRMATIVE DEFENSE**

*(Waiver)*

8.     As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert that Plaintiff has waived his rights, if any, to pursue the claims set forth in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

*(Laches)*

9.      As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert that Plaintiff is barred from recovery, in whole or in part, by the equitable doctrine of laches.

**TENTH AFFIRMATIVE DEFENSE**

*(Unclean Hands)*

10.      As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert that Plaintiff's causes of action are barred by the equitable doctrine of unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

*(Failure to Set Forth Facts for Punitive Damages)*

11.      As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert without admitting that if they engaged in any of the acts or conduct attributed to them in the Complaint, then Plaintiff's Complaint fails to set forth facts sufficient to constitute a claim for punitive or exemplary damages.

**TWELFTH AFFIRMATIVE DEFENSE**

*(Good Faith Belief Acting Under Legal Right in Permissible Way)*

12.      As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert that in good faith and without fraud, oppression, or malice against Plaintiff or his rights, they believed they were acting under a legal right and did no more than insist upon these legal rights in a permissible way.

**THIRTEENTH AFFIRMATIVE DEFENSE**

*(Legitimate, Business-Related Actions by Defendant Based on Good Faith)*

13.      As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert without admitting that if they engaged in any of the acts or conduct attributed to them in the Complaint, then the Complaint and each purported cause of action contained therein fail to state facts sufficient to constitute a cause of

action because any decisions with respect to Plaintiff's employment or status as an employee were made solely for legitimate, non-discriminatory, and business-related reasons and were reasonably based on the facts as Defendants understood them.

## FOURTEENTH AFFIRMATIVE DEFENSE

*(Failure to Take Reasonable Steps to Avoid Harm or Consequences)*

14.    As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert without admitting that if they engaged in any of the acts or conduct attributed to them in the Complaint, then Plaintiff's claims and damages are barred in whole or in part by Plaintiff's failure to take reasonable and necessary steps to avoid the harm and/or consequences that he allegedly suffered.

## FIFTEENTH AFFIRMATIVE DEFENSE

*(Consent)*

15.    As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert without admitting that if they engaged in any of the acts or conduct attributed to them in the Complaint, then Plaintiff consented to Defendants' conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

*(Defendants Exercised Reasonable Care)*

16.    As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert without admitting that if they engaged in any of the acts or conduct attributed to them in the Complaint, then Defendants exercised reasonable care, and properly took all remedial steps necessary to correct and/or prevent any violations of Government Code § 12940 *et seq.* from occurring.

## SEVENTEENTH AFFIRMATIVE DEFENSE

*(Lack of Knowledge)*

17.    As a separate and affirmative defense to the Complaint, and to each and every purported cause of action pleaded therein, Defendants allege that they neither knew nor should have known of any alleged discrimination or any other claims asserted in the Complaint prior to

Plaintiff's lawsuit. Plaintiff did not provide Defendants with an opportunity to correct any alleged violations and to provide an appropriate remedy, if any, to Plaintiff prior to the time the Complaint was filed.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### *(FEHA Defenses)*

18.    As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert all defenses available to them under the provisions of the Fair Employment and Housing Act, California Government Code § 12940, *et seq* ("FEHA").

## NINETEENTH AFFIRMATIVE DEFENSE

### *(Failure to Act/Preventative, Corrective Opportunities)*

19.    As a separate and affirmative defense to the Complaint, and to each and every purported cause of action pleaded therein, Defendants allege that Plaintiff is barred from recovering the damages he seeks because he knew about but failed to avail himself of Defendants' policies and procedures and otherwise take advantage of preventative and corrective opportunities to avoid and alleviate any alleged discrimination.

## TWENTIETH AFFIRMATIVE DEFENSE

### *(Defendant Fully Performed any Duties and Obligations Owed to Plaintiff)*

20.    As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert that any duty or obligation, contractual, statutory or otherwise, which Plaintiff claims was owed to him by Defendants have been fully and faithfully performed, satisfied, and/or discharged.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### *(Business Necessity)*

21.    As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert that their conduct was job related and consistent with business necessity.

\ \ \

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2

*(No Violation of Any Constitutional Provision, State Statute, or Regulation)*

3          22.     As a separate and affirmative defense to the Complaint, and to each and every

4     alleged cause of action contained therein, Defendants assert without admitting that if they engaged

5     in any of the acts or conduct attributed to them in the Complaint, then Plaintiff's causes of action

6     are barred because Defendants did not violate any constitutional provision, state statute, regulation,

7     or other substantial public policy of the State of California as alleged in the Complaint.

8

## TWENTY-THIRD AFFIRMATIVE DEFENSE

9

*(No Emotional Distress Damages)*

10          23.     As a separate and affirmative defense to the Complaint, and to each and every

11     alleged cause of action contained therein, Defendants assert without admitting that if they engaged

12     in any of the acts or conduct attributed to them in the Complaint, that Plaintiff failed to allege facts

13     sufficient to support an award of emotional distress damages against Defendants. Furthermore,

14     Defendants assert that they did not have any knowledge of any peculiar susceptibility of Plaintiff

15     to damage or injury from emotional distress.

16

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

17

*(At-Will Employment)*

18          24.     As a separate and affirmative defense to the Complaint, to each and every alleged

19     cause of action contained therein, Defendants assert that Plaintiff's employment was at-will

20     pursuant to Labor Code section 2922.

21

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

22

*(Not a Substantial Motivating Reason)*

23          25.     As a separate and affirmative defense to the Complaint, and to each and every

24     alleged cause of action contained therein, Defendants allege that the Complaint, and each and every

25     cause of action alleged therein, are barred because Plaintiff's age was not a substantial motivating

26     reason for the alleged adverse employment action.

27     \ \ \

28     \ \ \

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

*(Mixed Motive)*

26.    As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert that in the event that Plaintiff proves any wrongful acts by Defendants, all of which Defendants deny, the alleged adverse employment action(s) about which Plaintiff complains would have been the same even if the alleged wrongful motive had played a role.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

*(No Authorization, Adoption, or Ratification)*

27.    Defendants assert that the Complaint, and each purported cause of action contained therein, or some of them, are barred because assuming *arguendo* that Plaintiff's allegations are true, such allegations were not authorized, adopted, or ratified by Defendants, and/or Defendants did not know, nor should they have known of such conduct.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

*(Managerial Discretion)*

28.    As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert that any conduct by Defendants was a just and proper exercise of management discretion, undertaken for fair and legitimate reasons, and regulated by good faith under the circumstances then existing.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

*(After-Acquired Evidence)*

29.    The Complaint, and each and every cause of action alleged therein, is barred, or any damages are reduced, by after-acquired evidence.

## THIRTIETH AFFIRMATIVE DEFENSE

*(Avoidable Consequences)*

30.    The Complaint, and each and every cause of action alleged therein, is barred by the avoidable consequences doctrine.

\ \ \

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS DRIVEN BRANDS SHARED SERVICES LLC AND LINDA ZARAPKAR'S ANSWER TO PLAINTIFF'S COMPLAINT

1

## THIRTY-FIRST AFFIRMATIVE DEFENSE

2

*(Lack of Causation)*

3    31.    Plaintiff's Complaint, and each and every purported cause of action pleaded therein,

4  is barred because any fault, act, or omission on the part of Defendants, if any, was neither the cause-

5  in-fact nor the proximate cause of Plaintiff's damages or liabilities, if any.  Rather, any such alleged

6  fault, acts, or omissions, if any, were only secondary, inconsequential, and indirect, and Defendants

7  in no way contributed to or caused the alleged damages or liabilities of Plaintiff.

8

## THIRTY-SECOND AFFIRMATIVE DEFENSE

9

*(Lack of Malice, Fraud, and Oppression)*

10    32.    Defendants are informed and believe, and thereon allege, that they did not engage

11  in any alleged discriminatory acts or any other acts or omissions with malice, fraud, oppression, or

12  any other improper motive as alleged in the Complaint.

13

## THIRTY-THIRD AFFIRMATIVE DEFENSE

14

*(Comparative/Contributory Negligence and/or Fault)*

15    33.    As a separate and affirmative defense to the Complaint, and to each and every

16  purported cause of action pleaded therein, Defendants allege that, should it be determined that

17  Plaintiff has been damaged, then said damages were proximately caused by Plaintiff's own conduct,

18  and Plaintiff's claims are barred, or limited, by Plaintiff's own contributory negligence,

19  comparative negligence, or comparative fault.

20

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

21

*(Pre-existing)*

22    34.    Defendants allege that any symptoms of mental or emotional distress or injury from

23  which Plaintiff suffered were the result of pre-existing psychological disorders or alternative

24  concurrent causes, and not the result of any act or omission of Defendants.

25

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

26

*(Third Party Conduct Superseding Cause)*

27    35.    The intervening and superseding acts or omissions of persons or entities other than

28  Defendants, and for whose acts or omissions Defendants are not responsible, proximately caused

Plaintiff's alleged losses, injuries, or damages described in the Complaint.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

*(Speculative Damages and/or Penalties)*

36.     Defendants alleges that Plaintiff is precluded from recovering the damages alleged in the Complaint because those damages are too vague, ambiguous, excessive, unreasonable, uncertain, and speculative to permit recovery.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

*(Failure to Comply with the Employer's Directions)*

37.     As a separate and distinct affirmative defense to Plaintiff's Complaint, without admitting any facts pled by Plaintiff, Defendants allege that if Plaintiff has sustained any loss, injury, or damages either as alleged in the Complaint or at all, which Defendants expressly deny, Plaintiff failed to comply with the directions of Defendants concerning the service on which they were engaged and such obedience to Defendants' directions was neither impossible nor unlawful and would not impose new and unrealistic burdens.  To the extent Plaintiff has sustained any loss, injury, or damages as alleged in the Complaint, they were directly and proximately caused and/or exacerbated by Plaintiff's own conduct, promises and representations to Defendants, and failure to take actions to mitigate these losses, injuries, or damages.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

*(Plaintiff's Action is Frivolous and in Bad Faith)*

38.     As a separate and distinct affirmative defense to Plaintiff's Complaint, Defendants allege that they are entitled to recover reasonable expenses, including attorney's fees if allowable, from Plaintiff and Plaintiff's counsel in that Plaintiff's Complaint and each purported cause of action as alleged therein is frivolous and was brought and maintained in bad faith and without reasonable cause, is totally and completely without merit, and was brought for the sole purpose of harassing Defendants.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

*(No Compensatory Damages)*

39.     As a separate and affirmative defense to the Complaint, and to each and every

alleged cause of action contained therein, Defendants assert that Plaintiff failed to state facts sufficient to support an award of compensatory damages against Defendants.

## FORTIETH AFFIRMATIVE DEFENSE

*(Excessive Fines)*

40.     Any award of punitive damages, treble damages, or exemplary damages sought in this case is barred because it would violate the due process, equal protection, and excessive fines provisions of the United States Constitution and Article I, Section 17 of the California Constitution.

## FORTY-FIRST AFFIRMATIVE DEFENSE

*(No Entitlement to Attorneys' Fees)*

41.     As a separate and distinct affirmative defense, Defendants allege that the Complaint fails to properly state a claim for attorneys' fees upon any legitimate basis.

## FORTY-SECOND AFFIRMATIVE DEFENSE

*(Right to Offset)*

42.     Defendants allege that they have suffered damages by reason of Plaintiff's conduct, and Defendants have a right to offset their damages against the damages, if any, of Plaintiff.

## FORTH-THIRD AFFIRMATIVE DEFENSE

*(Reservation of Rights)*

43.     Defendants presently have insufficient knowledge and information upon which to form a belief as to whether they have additional affirmative defenses.  Accordingly, Defendants reserve the right to assert additional affirmative defenses in the event that it appears that any error or omission has been made herein or in the event that further discovery or analysis indicates that any additional affirmative defenses would be applicable.

## PRAYER

WHEREFORE, Defendants pray for entry of judgment as follows:

1.     That Plaintiff take nothing by way of his Complaint;

2.     That judgment be entered in favor of Defendants and against Plaintiff;

3.     That Defendants be awarded their costs of suit including attorneys' fees; and

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

4.    For such other relief as the Court may deem just and proper.

Dated:    January 25, 2023                FORD & HARRISON LLP


By:    _____
       David L. Cheng
       Valorie L. Ferrouillet
       Attorneys for Defendants DRIVEN BRANDS
       SHARED SERVICES, LLC and LINDA ZARAPKAR

P **PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

*Danisha Brown v. Driven Brands Shared Services, LLC, et al.*
Alameda County Superior Court Case No. 22CV024263

I, Rhoel Garcia, the undersigned, do hereby declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Ford Harrison LLP, 350 South Grand Avenue, Suite 2300, Los Angeles, CA 90071. On the date indicated below I served the foregoing document(s) described as

DEFENDANTS DRIVEN BRANDS SHARED SERVICES LLC
AND LINDA ZARAPKAR'S ANSWER TO PLAINTIFF'S COMPLAINT

on interested parties in this action as follows:

| | |
|---|---|
| Mark L. Venardi | Attorneys for Plaintiff |
| Martin Zurada | DANISHA BROWN |
| Blair Kittle | |
| VENARDI ZURADA LLP | |
| 1418 Lakeside Drive | |
| Oakland, California 94612 | |
| Phone:      (510) 832-4295 | |
| Facsimile: (510) 832-4364 | |
| Email:      mzurada@vzlawfirm.com | |
|                  bkittle@vzlawfirm.com | |
|                  csouza@vzlawfirm.com | |

☐  **BY U.S. MAIL:** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐  **BY FACSIMILE:** I faxed said document, to the office(s) of the addressee(s) shown above, and the transmission was reported as complete and without error

☐  **BY OVERNIGHT DELIVERY:** I deposited such envelope for collection and delivery by FedEx with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by FedEx. They are deposited with a facility regularly maintained by FedEx for receipt on the same day in the ordinary course of business.

☐  **BY PERSONAL SERVICE:** I caused such envelope to be delivered by a process server employed by Name of process server.

1
2
3

☒　　**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address rgarcia@fordharrison.com to the persons at the e-mail address(es) listed in the Service List. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

4
5
6
7

☐　　**BY DESIGNATED ELECTRONIC FILING SERVICE:** Pursuant to section 1010.6 of the Code of Civil Procedure, and rule 2.253(b) of the California Rules of Court. I electronically filed the document(s) with Los Angeles Superior Court via Express Network, E-Filing Service Provider designated by the Court. I hereby certify that the above-referenced document(s) were served electronically on the parties listed herein at their most recent known email address or email of record by submitting an electronic version of the document(s) to Express Network, through the user interface at https://efile.expressnetworkas.com/ee/efile.php?web.

8
9
10

☐　　**ELECTRONICALLY:** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

11
12

☐　　I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

13
14

☐　　I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

15

Dated:　January 25, 2023　　　　　　　　　　　DECLARANT

16
17
18

_____
Rhoel Garcia

19
20
21

WSACTIVELLP:13753085.1

22
23
24
25
26
27
28

1

**CERTIFICATE OF SERVICE**

2

3

I, Rhoel Garcia, declare:

4

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On the date indicated below I served a copy of the within document, described as:

5

6

**DECLARATION OF DAVID L. CHENG IN SUPPORT OF REMOVAL**

7

Upon the parties listed below as follows:

8

9

10

11

| | |
|---|---|
| Martin Zurada | Phone:  (510) 832-4295 |
| Blair Kittle | Fax:     (510) 832-4364 |
| VENARDI ZURADA LLP | Email:      mzurada@vzlawfirm.com |
| 1418 Lakeside Drive | bkittle@vzlawfirm.com |
| Oakland, California 94612 | csouza@vzlawfirm.com |
| | Attorneys for Plaintiff |
| | DANISHA BROWN |

12

13

14

☐  **ELECTRONICALLY**:  I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

15

16

17

18

19

20

☐  By causing the document(s) listed above to be mailed in a sealed envelope with postage thereon fully prepaid, for mailing by the United States Postal Service at Los Angeles, California addressed as set forth above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

21

22

☒  By e-mail or electronic transmission. Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed above.

23

24

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed by a member of the bar of this Court under whose direction this service was made.

25

Executed on January 26, 2023, at Los Angeles, California.

26

27

_____
Rhoel Garcia

28

WSACTIVELLP:13755725.2

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

/CASE NO. 4:23-CV-390
CERTIFICATE OF SERVICE